UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON CORNELIUS ZIMMERMAN,

    Plaintiff,

v.                                        CASE NO. 6:06-cv-686-Orl-31DAB

JUSTIN PLAYER, et al.,

    Defendants.

## **ORDER OF DISMISSAL**

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, has filed an amended civil rights complaint (Doc. No. 6) pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the amended complaint to determine whether it is frivolous or malicious. The Prison Litigation Reform Act of 1995 (the "Act") requires judicial review of certain civil suits brought by prisoners, stating in relevant part:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

            (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

            (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. Section 1915A(b) (1996); Prisoner Litigation Reform Act of 1995, Section 805(a).[1]

Pursuant to the Act, the Courts are obligated to screen prisoners' civil rights complaints as soon as

---

[1] The Act implemented these changes in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 1996 WL 384762 (10th Cir. 1996); H.R. Rep. No. 104-378, 104th Cong., 1st Sess. 166.

practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, 1996 WL 284948 (S.D.N.Y. 1996).

In addition, 28 U.S.C. Section 1915(e)[2] directs the court to dismiss actions which are frivolous or malicious. 28 U.S.C. Section 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991), *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

According to Plaintiff, in 2000-2001 he was raped with a plunger by Justin Player, Ranada Flowers, and Tiffany. Afterwards, he was taken outside and laid "under Tiffany's car while the car was on and running attempting to kill [him]." These incidents took place in Cocoa, Florida, and the Ramada Hotel in Orlando.

Claims brought under § 1983 in federal court in Florida are subject to the State's four year period of limitation for negligence actions. *Grace v. Wainwright*, 761 F. Supp. 1520, 1526 (M.D. Fla. 1991); *see also* Fla. Stat. § 95.11(3)(a). Plaintiff filed this action on May 15, 2006, five after he alleges the incidents occurred.[3]

---

[2]The Act amended 28 U.S.C. Section 1915, *inter alia*, redesignating Section 1915(d) as Section 1915(e). Prisoner Litigation Reform Act of 1995, Section 804.

[3]A document is "filed" by a prisoner on the date the prisoner places the complaint in the mail or delivers it to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (in *pro se* prisoner rights cases and Federal Torts Claims Act suits, the date of filing is the date of delivery to prison officials).

As stated above, §§ 1915A(b) and 1915(e) direct the Court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e).  "Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B)."  *Day v. E. I. Du Pont de Nemours and Co.*, No. 97-6233, 1998 WL 669939, at *1 (6th Cir. September 17, 1998); *see also Gibbs v. Albany Police Department*, No. 96-CV-1428 RSP DNH, 1997 WL 420360, at *1 (N.D.N.Y. July 21, 1997) (a complaint barred by the applicable statute of limitations is subject to dismissal pursuant to § 1915(e)(2)(B)).  Since the instant action was not brought within the four year period of limitation, it must be dismissed as frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED with prejudice** as time barred.

2. All pending motions are **DENIED as moot.**

3. The Clerk of the Court is directed to enter judgment for Defendants and against Plaintiff and to close this case.

**DONE AND ORDERED** at Orlando, Florida this 15th day of June, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 6/15
Jason Cornelius Zimmerman